**NOT FOR PUBLICATION**

## FILED

UNITED STATES COURT OF APPEALS

NOV 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30033 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00101-WFN-22 |
| v. | |
| HORACIO LUNA CANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted November 9, 2020[**]

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Horacio Luna Cano appeals from the district court's judgment and

challenges the 12-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Luna Cano first argues that the district court procedurally erred by failing to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

calculate or announce the Guidelines range at the revocation hearing. Even assuming this claim is not waived by Luna Cano's waiver of his right to have a presentence report prepared at his original sentencing and his agreement to proceed directly to sentencing upon revocation, we conclude that the district court did not plainly err. *See United States v. Depue*, 912 F.3d 1227, 1232-34 (9th Cir. 2019) (en banc). There is no evidence in the record to suggest that the district court's sentence was outside the applicable Guidelines range,[1] and the district court made clear that it believed a 12-month sentence, rather than the time-served sentence Luna Cano was requesting, was warranted in light of the circumstances of the case, including the lenient sentence Luna Cano originally received, his prior promise not to return to the United States, and his decision to violate supervised release so soon after his release. On this record, Luna Cano has not shown a reasonable probability that he would have received a different sentence had the district court calculated the Guidelines range. *See id.* at 1234.

Luna Cano also contends that the 12-month statutory maximum sentence is substantively unreasonable. He argues that a time-served sentence would have been sufficient given the punishment he was facing for his new offense, his reasons

---

[1] The 12-month sentence is within or below the applicable Guidelines range unless Luna Cano has a criminal history category of I. While Luna Cano's criminal history category has never been determined, the pretrial services report prepared in connection with the original offense reflects that he has several prior convictions.

20-30033

for returning to the United States, and the need to deter. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51. The fact that a shorter sentence might also have been appropriate is not sufficient to show that the district court abused its discretion. *See id.*

**AFFIRMED.**